IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02203-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

MS. FETTERHOFF, MRAS, ADX Health Services;
MR. STEVEN NAFZIGER, Clinical Director;
MR. J. LORINCZ, Clinical Director;
RON WILEY, Warden, ADX,

    Defendants.

_____

### ORDER DENYING MOTION TO RECUSE
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's Motion for Evidentiary Hearing/and to Recuse Magistrate Mix [Docket No. 41; Filed March 19, 2008] ("the Motion"). In the Motion, Plaintiff requests that the Court schedule a hearing to determine whether I should recuse myself. In that regard, Plaintiff indicates that he intends to call me as a witness in another pending case, Civil Action No. 07-cv-01839-WYD-KLM, and he contends that I am prejudiced against him.

    IT IS HEREBY **ORDERED** that the Motion is **DENIED**. To the extent that Plaintiff seeks my recusal in relation to a requested hearing involving another pending case, the Motion is **denied**. My recusal would only be warranted if I were called as a material witness at that hearing. "A judge is not a material witness where there are other available

witnesses who can give the same testimony." 46 Am Jur. 2d *Judges* § 101 (2008). Plaintiff has stated his intention to call me as a witness to testify to information he presented through other witnesses at a hearing in Civil Action No. 07-cv-00121-WYD-KLM. Because I would not be called to testify to a material fact to which no other witness could testify, my recusal is unwarranted. *See United States v. Diana*, 605 F.2d 1307, 1316 (4th Cir. 1979); *see also United States v. Edwards*, 39 F. Supp. 2d 692, 705 (M.D. La. 1999) ("Neither counsel nor a party may seek recusal of a judge by announcing that they intend to call the judge as a witness."). Moreover, to the extent that Plaintiff claims I have personal knowledge of his alleged injuries based on the witness testimony presented in his other case, my recusal is not warranted where any alleged personal knowledge I have was obtained through related judicial proceedings. *See United States v. Page*, 828 F.2d 1476, 1481 (10th Cir. 1987).

To the extent that Plaintiff contends that I should recuse myself because I am prejudiced against him, the Motion is **denied**. Pursuant to 28 U.S.C. § 455(a), a Magistrate Judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." Plaintiff specifically takes issue with my prior rulings against him. However,

> judicial rulings alone almost never constitute valid basis for a bias or partiality motion. In and of themselves, (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance on an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved . . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism

2

that would make fair judgment impossible.
*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). The test for recusal is an objective one. *United States v. Cooley*, 1 F.3d 985, 994 (10th Cir. 1993). Moreover, "[t]here is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is." *Hinman v. Rogers*, 831 F.2d, 937, 939 (10th Cir. 1987). Having examined the instant case and the other cases on my docket where Plaintiff is also a party, I find no reason why my impartiality might <u>objectively</u> or <u>reasonably</u> be questioned in this case.[1]

Finally, to the extent that Plaintiff requests a hearing to determine whether I should be recused, the Motion is **denied as moot**.

Dated: March 27, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

---

[1] To the extent that Plaintiff intended to invoke 28 U.S.C. § 144, his affidavit does not comply with the statute. Accordingly, the Court considers the issue of recusal on the merits. *See United States v. Bennett,* 539 F.2d 45, 51 (holding that trial judge's refusal to disqualify himself was not error based on a deficient affidavit); *Williams v. New York City Housing Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003) (holding that § 144 was unavailable to pro se party and ruling on the motion to recuse pursuant to 28 U.S.C. § 455).