IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02203-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

MS. FETTERHOFF, MRAS, ADX Health Services;
MR. STEVEN NAFZIGER, Clinical Director;
MR. J. LORINCZ, Clinical Director;
RON WILEY, Warden, ADX,

    Defendants.

## ORDER DENYING MOTION NOS. 77, 78, AND 80

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's Motion for Order Allowing Plaintiff to Serve Interrogatories on (4) BOP Non-Defendants [Docket No. 77; Filed May 9, 2008] (the "Motion No. 77"); Motion to Reconsider Plaintiffs [sic] Request to Appoint Investigator and Amend Order of April 30th 2008 Pursuant to 60(b) [Docket No. 78; Filed May 9, 2008] ("Motion No. 78"); and an untitled letter motion asking the Clerk to send Plaintiff four subpoenas [Docket No. 80; Filed May 9, 2008] ("Motion No. 80"). On April 30, 2008, the Court granted a stay of discovery in this case except for the limited purpose of obtaining discovery related to the issue of qualified immunity [Docket No. 71].[1]

IT IS HEREBY **ORDERED** that Motion No. 77 is **DENIED**. Discovery of substantive

---

[1] The Court notes that Defendants have attached several extraneous documents to their Motion to Dismiss [Docket No. 30] which may make it necessary for the Court to consider the motion under the standards applicable to motions for summary judgment. Given that the primary argument raised in the Motion was related to qualified immunity, the Court agreed to let Plaintiff propound limited discovery in this area.

issues is stayed in this case until resolution of the pending Motion to Dismiss [Docket No. 30].

IT IS HEREBY **ORDERED** that Motion No. 79 is **DENIED** for the reasons set forth below.

As a preliminary matter, the Court notes that while Plaintiff was given the limited authority to propound discovery related to qualified immunity, i.e., whether Defendants' specific conduct violated a constitutional right and whether that right was clearly established at the time of the violation, the discovery propounded by Plaintiff [Docket No. 79] goes beyond the discovery authorized by the Court.  For example, Plaintiff's Request for Production #1 seeks "copies of all communication relating to Mikeal Glenn Stine #55436-098 [sic] medical care dating from 8-1-07 through 11-1-07, this includes all faxs [sic]: memo's [sic], notes." Request for Production at 6 [Docket No. 79].  Request for Production # 6 seeks "any and all documents relating to emergency treatment of inmates assigned to ADX Florence, Colorado 81226."  *Id.*  Request for Production #7 requests that Plaintiff "be allowed to view any video tapes relating to dental treatment of ADX inmates and provided [sic] a copy."  Request for Production #9 seeks "[a]ny and all notes: memo's [sic]: letters or directives from: Steven Nafziger: Health Services Administrator or Assistant Health Services Administrator relating to treatment and or handling of Mikeal Glenn Stine # 55436-098 dating from 10/21/06 through present."  *Id.* at 7.  Plaintiff also propounded a Requests for Admission, which he was not at liberty to propound pursuant to the stay of discovery.  *Id.* at 3 (Interrogatory #4).  Finally, several Interrogatories go beyond the scope of the Court's Order and seek information not relevant to the question of qualified immunity, e.g., Interrogatories #8 and # 10.

Further, Plaintiff has not clearly articulated a need for additional discovery in any areas relevant to the Motion to Dismiss. While Plaintiff continues to profess the need for a Court-appointed investigator to assist him in propounding third-party discovery, such a request must fail for two reasons. One, the Court does not have the funds or authority to appoint an investigator to assist Plaintiff and two, the discovery Plaintiff seeks through a Court-appointed investigator goes beyond the issue of qualified immunity. *See, e.g., Riley v. Crawford*, No. 06-4211-CV-C-NKL, 2007 WL 2409765, at *9 (W.D. Mo. Aug. 20, 2007) (unpublished decision).

IT IS HEREBY **ORDERED** that Motion No. 80 is **DENIED**. Plaintiff has been warned that the Court does not rule on letters that are not captioned as motions. *See* 07-cv-00121-WYD-KLM [Docket No. 128]. Because this pleading does not comply with D.C. Colo. L. Civ. R. 7.1(C), the Court declines to consider it.

In addition to notice of filing of this Minute Order being provided to the parties, it is ORDERED that the office of the Clerk shall mail a copy of this Minute Order to the following:

CASE MANAGER FOR:
Mikeal Glenn Stine  #55436-098
Florence ADMAX US Penitentiary
P.O. Box 8500
Florence, CO 81226

Dated:	May 20, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix