IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02203-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

MS. FETTERHOFF, MRAS, ADX Health Services;
MR. STEVEN NAFZIGER, Clinical Director;
MR. J. LORINCZ, Clinical Director;
RON WILEY, Warden, ADX,

    Defendants.

---

**ORDER DENYING MOTION NOS. 57, 66, 74, and 85**

---

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's Renewed Motion to Recuse Magistrate Mix, "Oral Argument Requested" [Docket No. 57; Filed April 11, 2008] ("Motion No. 57"); Plaintiff's Motion to Compel and Request for Sanctions Pursuant to Rule 37, Fed. R. Civ. P. [Docket No. 66; Filed April 23, 2008] ("Motion No. 66"); Plaintiff's Motion for Courts [sic] Assistance [Docket No. 74; Filed May 8, 2008] ("Motion No. 74"); and Plaintiff's Motion for Contempt Against Persons Served Subpoena Duces Tecum on May 1, 2008 [Docket No. 85; Filed May 22] ("Motion No. 85").

IT IS HEREBY **ORDERED** that Motion No. 57 is **DENIED**. To the extent that Plaintiff's Motion can be interpreted as a request for reconsideration of the Court's Order of March 27, 2008 denying Plaintiff's Motion to Recuse [Docket No. 43], the Court notes that Plaintiff has failed to offer any additional legal or factual support to justify reconsideration. Further, to the extent that Plaintiff couches his Motion as one brought pursuant to 28 U.S.C. § 144, which would ordinarily require the Court who is the subject

of the Motion to abstain from ruling on its merits, the Court need not do so here because the affidavit lacks "facts having the tendency to show personal bias and prejudice and contain[s] only insufficient conclusions." *United States v. Bennett*, 539 F.2d 45, 51 (10th Cir. 1976). Plaintiff's affidavit is based on prior adverse rulings by this Court against Plaintiff, allegations which are plainly insufficient to evidence bias. *Id.*; *Knoll v. Socony Mobil Oil Co.,* 369 F.2d 425, 430 (10th Cir. 1966), *overruled on other grounds by Liberty Nat'l Bank & Trust Co. v. Acme Tool Div. Of Rucker Co.*, 540 F.2d 1375 (10th Cir. 1976). As such, the Court is justified in deciding this Motion and denying it for the reasons given in the March 27, 2008 Order.

IT IS HEREBY **ORDERED** that Motion No. 66 is **DENIED**. The Motion fails to attach the discovery requests at issue. Further, discovery has been stayed in this case, including the ability to propound requests for admissions, during the pendency of the Motion to Dismiss. Although Defendants did not timely respond to the pending Requests for Admissions, Plaintiff has not been prejudiced because Defendant's admissions, if any, would not be relevant to his defense of a motion to dismiss. To the extent that Plaintiff wishes to propound requests for admissions after the stay of discovery has been lifted, he may do so.

IT IS HEREBY **ORDERED** that Motion No. 74 is **DENIED**. Plaintiff asks the Court to provide him with copies of unpublished cases used by the Court in support of its Order staying Plaintiff's case. He also asks the Court to extend the time for Plaintiff to make objections to that Order after his receipt of the requested caselaw. Plaintiff has chosen to file this lawsuit knowing the limitations he would face given his *pro se* status and limited access to legal materials. It is his responsibility to manage his case, and the Court cannot

assist him by providing legal materials, particularly given that the Court does not provide this courtesy to other parties who appear before it. Further, because the Court does not grant Plaintiff's request for caselaw, his request for an extension of time to object after receipt of such caselaw is moot.

IT IS HEREBY **ORDERED** that Motion No. 85 is **DENIED**. As a preliminary matter, it is unclear how Plaintiff could, on his own, legally effect service of subpoenas without the assistance of the Clerk of Court. *See* Fed. R. Civ. P. 45. Further, discovery is stayed in this case, including Plaintiff's authority to issue subpoenas and propound third-party discovery, until resolution of the pending Motion to Dismiss.

In addition to notice of filing of this Minute Order being provided to the parties, it is ORDERED that the office of the Clerk shall mail a copy of this Minute Order to the following:

CASE MANAGER FOR:
Mikeal Glenn Stine  #55436-098
Florence ADMAX US Penitentiary
P.O. Box 8500
Florence, CO 81226

Dated: May 23, 2008

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge