IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02203-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

MS. FETTERHOFF, MRAS, ADX Health Services;
MR. STEVEN NAFZIGER, Clinical Director;
MR. J. LORINCZ, Clinical Director;
RON WILEY, Warden, ADX,

    Defendants.

## ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **"Motion for Appointment of Counsel and"** [sic] **or Injunctive Order** [Docket No. 107; Filed August 6, 2008] (the "Motion").

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. The Court cannot appoint an attorney without the attorneys' consent, *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff such as this Plaintiff if the Court determines in its discretion that it is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.

1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief under various constitutional provisions. His filings to date indicate that he has a firm grasp of the facts and issues in this case, that he is capable of presenting the case, and has presented his claims adequately. The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze. Additionally, the record bears no indication that despite efforts by Plaintiff, he was unable to obtain counsel for himself. On the contrary, Plaintiff indicates that he did obtain counsel to assist him in a case filed in another district.

The fact that the Plaintiff is incarcerated does not warrant the need for volunteer counsel. The fact of Plaintiff's incarceration is a normal, not a special, circumstance in this type of case before this court, and therefore, does not provide special circumstances to consider in determining whether to seek volunteer counsel. Further, Plaintiff chose to bring this action knowing the limitations he would face given his *pro se* status and limited access to legal materials and supplies. To the extent that Plaintiff seeks alternate relief to the appointment of counsel, Plaintiff has failed to assert any injury from Defendants' alleged actions that may be relevant to the present case. Specifically, to the extent that Plaintiff requests relief related to his allegation that he was prevented from filing a pleading or forced to incur the costs of an attorney to file a pleading in a case pending in another

district, Plaintiff has failed to assert any information relevant to the present case to justify his request.  Moreover, the frequency with which Plaintiff files motions in this and other cases pending before the Court belies the assertion that he is suffering an injury from an alleged lack of access to paper or mail services.

Finally, Plaintiff's Motion does not properly request injunctive relief relating to the allegations of this case.

Accordingly, based on the foregoing and the entire record herein, it is hereby **ORDERED** that Plaintiff's Motion [Docket No.107, Filed August 6, 2008] is **denied**.

Dated:  August 12, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix