IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02203-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

MS. FETTERHOFF, MRAS, ADX Health Services;
MR. STEVEN NAFZIGER, Clinical Director;
MR. J. LORINCZ, Clinical Director;
RON WILEY, Warden, ADX,

    Defendants.

---

### ORDER AFFIRMING AND ADOPTING RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on Defendant's Motion to Dismiss (Doc. # 30, filed February 29, 2008). This motion was referred to Magistrate Judge Mix for a recommendation. On August 15, 2008, a Recommendation of United States Magistrate Judge was filed, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Mix recommends therein that Defendants' Motion to Dismiss be granted in part and denied in part. The Recommendation is discussed in more detail below.

By way of background, as the Recommendation notes, Plaintiff is a prisoner proceeding *pro se*. He brings his claims against Defendants in both their individual and official capacities pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). Plaintiff contends that Defendants violated

his constitutional right to be free from cruel and unusual punishment when they allegedly acted with deliberate indifference toward his serious medical needs by delaying and denying him adequate medical treatment for his "exposed jawbone" which allegedly caused Plaintiff severe pain and discomfort. *See* Recommendation at 2 (citing *Verified Complaint Against Defendants in Their Official and Individual Capacities/ Demand for Jury Trial on All Issues* (Docket No. 3 at 4; Filed October 19, 2007) ("Complaint")). Defendants moved to dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

Magistrate Judge Mix found that Plaintiff's official capacity claims for money damages are barred by the doctrine of sovereign immunity, and recommends that Defendant's motion to dismiss be granted to the extent it seeks dismissal of such claims without prejudice for lack of subject matter jurisdiction. *See* Recommendation at 6-7. However, she finds that the doctrine of sovereign immunity does not bar the official capacity claims as to Plaintiff's claim for injunctive relief. *Id.* at 7. Accordingly, she recommends that the motion to dismiss be denied to the extent it seeks dismissal without prejudice of the claims for injunctive relief against Defendants in their official capacity. *Id.* at 7.

As to the claim against Defendant Lorincz in his individual capacity, Magistrate Judge Mix found that he is a Public Health Service employee and is immune from individual liability. *Id.* at 8. Thus, she recommends that the motion to dismiss be granted to the extent that it seeks dismissal without prejudice of all claims against Defendant Lorincz pursuant to Rule 12(b)(1). *Id.* As to the argument that Plaintiff failed

to exhaust his administrative remedies, Magistrate Judge Mix recommended that the motion to dismiss be denied as Plaintiff alleged that he fully exhausted administrative remedies. *Id*. at 9-10.

Finally, Magistrate Judge Mix addressed Defendants' argument that the claims for civil damages under the Eighth Amendment are barred by the doctrine of qualified immunity. She found that Plaintiff had sufficiently alleged that Defendants Fetterhoff, Nafziger and Wiley, in their individual capacities, violated a constitutional right. *Id*. at 10-12. She found as to the objective element of the deliberate indifference test, that Plaintiff sufficiently pled that his infected exposed jawbone constituted a sufficiently serious medical need. *Id*. at 11. That is because "Defendant Lorincz diagnosed Plaintiff's infected exposed jawbone as mandating treatment." *Id*. Further, she found that a delay in medical care may constitute an Eighth Amendment violation when Plaintiff can show that the delay resulted in substantial harm, such as considerable pain. *Id* at 11 -12. Plaintiff satisfied that requirement, according to Magistrate Judge Mix, as he alleged that the delay in medical care for his infected exposed jawbone caused him "undiscribable [sic]" pain that impaired his ability to eat. *Id*. at 12 (quoting *Complaint* [#3] at 6). Thus, the Recommendation found that Plaintiff's allegations, taken as true, satisfy the objective element of the deliberate indifference analysis. *Id*.

Turning to the subjective element of the analysis, Magistrate Judge Mix then considered whether Plaintiff sufficiently pled facts that demonstrate Defendants Fetterhoff, Nafziger, and Wiley each knew of and disregarded Plaintiff's alleged serious medical need. *Id*. As to Defendant Fetterhoff, she found that, at best, Plaintiff alleged

facts that Fetterhoff "negligently operated the suction and rinse tools" during a procedure involving his jaw bone. *Id.* at 13. She further found that Plaintiff failed to plead sufficient facts which, taken as true, provide "'plausible grounds' that discovery will reveal evidence to support Plaintiff's claim that Defendant Fetterhoff knew of and disregarded an excessive risk to his alleged serious medical need." *Id.* at 13 (quotation omitted). Accordingly, she found that Plaintiff failed to state a claim against Fetterhoff, and that the motion to dismiss should be granted to the extent that it seeks dismissal with prejudice of all claims against Fetterhoff pursuant to Rule 12(b)(6). *Id.*

As to Defendants Nafziger and Wiley, Plaintiff alleges that they actively prevented Plaintiff's access to medical care for his infected exposed jawbone in retaliation for Plaintiff suing them in several other lawsuits. Recommendation at 13-14 (citing *Complaint* [#3] at 6). Taking Plaintiff's allegations as true, Magistrate Judge Mix found that Plaintiff sufficiently alleges that Nafziger and Wiley exhibited deliberate indifference by knowing of and disregarding a substantial risk to his health or safety. *Id.* at 14. Further, she found that "Plaintiff has sufficiently pled that Defendants Nafziger and Wiley knew that Plaintiff reported considerable pain due to the infection of his exposed jawbone and that they disregarded Plaintiff's pain by preventing his access to medical care." *Id.* Therefore, Plaintiff's complaint, taken as true, provides "plausible grounds" that discovery will reveal evidence to support Plaintiff's claims that these Defendants exhibited deliberate indifference toward his alleged serious medical need. *Id.* Magistrate Judge Mix thus found that the first prong of the qualified immunity analysis is satisfied in Plaintiff's favor. *Id.*

As to the second prong of the qualified immunity analysis, Magistrate Judge Mix found that the principles of deliberate indifference regarding the delay and denial of medical care were clearly established at the time of the alleged violation. Recommendation at 15. Thus, she found that Plaintiff's factual allegations, taken as true, satisfy both prongs of the qualified immunity analysis in Plaintiff's favor and thereby preclude qualified immunity for Defendants Nafziger and Wiley at this stage of the proceeding. *Id.* Accordingly, she recommended that the motion to dismiss be denied to the extent it seeks dismissal of the claims against Defendants Nafziger and Wiley in their individual capacities on the basis of qualified immunity. *Id.*

On August 22, 2008, Plaintiff filed a timely Objection. That Objection necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff first objects to the dismissal of Defendant Fetterhoff's claims without prejudice on the basis of qualified immunity. He argues that Fetterhoff was well aware that her job description as medical record assistant supervisor did not authorize her to act as a dental assistant or in a dental procedure. Further, he asserts that only a real dental assistant can assist doctors in such procedures, and that Fetterhoff knew that she was not licensed or qualified to assist in such a procedure as performed on him. He concludes that her actions violated clear Colorado statutes as well as constitutional rights "which any reasonable person would know." Objection at 2. Accordingly, he

argues that Fetterhoff is not entitled to dismissal based on qualified immunity. I reject this argument and overrule the objection.

The fact that Fetterhoff may have violated statutory authority requiring a person to be licensed and qualified as a dental assistant to assist in dental surgery does not mean that Fetterhoff violated any of Plaintiff's constitutional rights. Specifically, Plaintiff has not shown that the subjective component of a deliberate indifference claim is met, *i.e.*, that Fetterhoff had a culpable state of mind in that she acted or failed to act with deliberate indifference to inmate health and safety. *See Wilson v. Seiter*, 501 U.S. 294, 297, 303 (1991). While Fetterhoff is alleged to have assisted Defendant Lorincz during the dental procedure by operating the rinse and suction tools, Plaintiff has not alleged that Fetterhoff attempted any actual dental work (which she was not qualified to do) or did any "'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Callahan v. Poppell*, 471 F.3d 1155, (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Instead, Plaintiff's allegations rise only to the level of negligence which is not sufficient to state a claim. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1995).

Plaintiff also argues that Defendant Lorincz should not have been dismissed in his individual capacity. However, Plaintiff fails to refute the fact that Lorincz is a Public Service Employee and that the Federal Tort Claims Act ["FTCA"] is the exclusive remedy against such employees for alleged torts they commit. *See* 28 U.S.C. § 233(a).

Finally, Plaintiff argues that his money damages should not be dismissed (presumably in connection with the official capacity claims since the claim for damages

was not dismissed as to Nafziger or Wiley in their individual capacities). However, he fails to cite any authority that the Recommendation is legally incorrect as to the dismissal of such damages.

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge filed August 15, 2008, is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Specifically, it is

ORDERED that the Motion to Dismiss is **GRANTED** as to the claim for monetary damages against Defendants in their official capacity, the claims against Defendant Lorincz, and all claims against Defendant Fetterhoff. The official capacity claims and the claims against Defendant Lorincz are **DISMISSED WITHOUT PREJUDICE** and the claims against Defendant Fetterhoff are **DISMISSED WITH PREJUDICE**. The Motion to Dismiss is **DENIED** as to the claim for injunctive relief against Defendants in their official capacity and the claims against Defendants Nafziger and Wiley in their individual capacities.

Dated: September 19, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge