IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02203-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

MR. STEVEN NAFZIGER, Clinical Director;
RON WILEY, Warden, ADX,

    Defendants.

---

**ORDER ON MOTION NOS. 131, 133 & 139**

---

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L.  MIX**

This matter is before the Court pursuant to **Plaintiff's Motion to Compel and Motion for Sanctions Against Defendants** [Docket No. 131; Filed October 23, 2008] ("Motion to Compel"); **Plaintiff's Motion to Add Additional Exhibit to Pending Motion to Compel Discovery and Request for Sanctions** [Docket No. 133; Filed November 10, 2008] ("Motion to Add"); and **Defendant's [sic] Motion to Strike Plaintiff's Motion for Summary Judgment or, in the Alternative, for an Extension of Time to Respond** [Docket No. 139; Filed December 2, 2008] ("Motion to Strike").

IT IS HEREBY **ORDERED** that the **Motion to Add [#133]** is **GRANTED**.  The Court considers Plaintiff's exhibit in conjunction with his Motion to Compel.

As to the Motion to Compel, Plaintiff contends that Defendants wholly failed to respond to his discovery requests, including interrogatories, requests for production, and requests for admission [Docket No. 124].  The Court set a deadline of October 22, 2008 for

Defendants' response to the discovery requests at issue here [Docket No. 127].[1] According to the Motion to Compel, as of October 22, 2008, Plaintiff had not received any responses to his discovery requests. *Motion to Compel* [#131] at 2. Moreover, in his Motion to Add which was filed several days after the discovery deadline had expired, Plaintiff again informed the Court that as of October 30, 2008, Defendants still had not responded to Plaintiff's discovery requests. *Motion to Add* [#133] at 2. Because Defendants also failed to respond to the Motion to Compel, the Court is unaware whether Defendants have remedied their noncompliance, whether Defendants raise any objection to the discovery requests, or whether Defendants' responses were timely sent, but were merely delayed in being delivered to Plaintiff by ADX prison officials.

As a preliminary matter, the Court does not condone Defendants' failure to respond to the Motion to Compel. Defendants are litigants in a federal lawsuit and must participate in the adjudication of this case, including responding to discovery, complying with Court Orders, and participating in the adjudication of pending motions. Further, it is the nonmoving party's burden to show why a discovery request is objectionable. *See Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003). Ordinarily, failure to respond to a motion to compel is deemed to be a waiver of any previously asserted objections to the requests at issue. *See Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 nn.15-16 (D. Kan. 2005). The waiver of Defendants' objections, if any, to Plaintiff's discovery requests is a moot point here because to waive objections a party must

---

[1] Defendants' discovery response deadline was set at a status conference held on October 9, 2008 [Docket No. 127]. Although the Court noted that Plaintiff propounded his discovery requests on August 22, 2008 prior to expiration of the stay of discovery, Defendants were required to respond to the previously propounded discovery [Docket No. 124]. Defendants did not raise an objection to this procedure.

first make objections. The Court is completely unaware of any objections Defendants may have to Plaintiffs' discovery requests because they did not timely provide discovery responses. This failure is particularly egregious given that Plaintiff propounded requests for admission to which it appears that Defendants have failed to respond. **In the future, Defendants' failure to respond to any motion within the deadline prescribed by D.C. Colo. L. Civ. R. 7.1(C) will result in the imposition of sanctions, including monetary penalties, default judgment, or both.** In the meantime, because Defendants' have failed to satisfy their burden as the nonmoving party,

IT IS HEREBY **ORDERED** that the **Motion to Compel [#131]** is **GRANTED in part and DENIED in part**. To the extent that Plaintiff seeks a Court Order compelling discovery, the Motion is **granted**. To the extent that Plaintiff seeks a Court Order imposing sanctions, the Motion is **denied**. The Court's ruling is further detailed below.

IT IS FURTHER **ORDERED** that Defendants' failure to timely raise objections or respond to the Motion to Compel waives all such objections to the discovery requests propounded by Plaintiff on August 22, 2008, other than those based on applicable privileges.

IT IS FURTHER **ORDERED** that on or before **January 5, 2009**, Defendants shall respond without objection, except to privilege, to:

(1) Plaintiff's Requests for Production of Documents issued to Defendant Wiley [#131 at 5-6]; and

(2) Plaintiff's Interrogatories issued to Defendant Nafziger [#131 at 7-9].

IT IS FURTHER **ORDERED** that the Requests for Admissions propounded by

Plaintiff on August 22, 2008 [#124 at 12-15] are deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3). Rule 36(a)(3) clearly states that unless a response is received within thirty (30) days of a request for admission, each item contained therein will be deemed admitted. *See Bergemann v. United States*, 820 F.2d 1117, 1120 (10th Cir. 1987) ("Unanswered requests for admission are deemed admitted."). "The rule is quite explicit that matters shall be deemed admitted unless, within the specified time limits, a written answer is filed or objections made." 8A Charles Alan Wright et al., *Federal Practice and Procedure* § 2259, at 551 (2d ed. 1994). While Rule 36(a)(3) is not self-executing, I find that the proposed admissions contained in Plaintiff's request are reasonable and hereby consider items 1-15 [#124 at 12-15] to be conclusively established for the purposes of this litigation.

IT IS FURTHER **ORDERED** that to the extent that the Motion to Compel seeks imposition of sanctions against Defendants, it is denied. Plaintiff has failed to show that he was prejudiced by the delay in receiving this discovery. This is particularly true considering that the discovery deadline does not expire until January 30, 2009. However, Defendants are on notice that similar future conduct <u>will</u> result in sanctions.

As to the Motion to Strike, Defendants contend that the Motion for Summary Judgment filed by Plaintiff on November 13, 2008 [Docket No. 135] does not conform with Chief District Judge Wiley Y. Daniel's practice standards which govern the pleadings filed by the parties in this case. Specifically, WYD Civ. Practice Standard III.B.3 requires that any motion for summary judgment include a "Statement of Undisputed Material Facts." Plaintiff's Motion for Summary Judgment does not contain this section and is deficient on its face. Accordingly,

IT IS HEREBY **ORDERED** that the **Motion to Strike [#139]** is **GRANTED**. The

4

Clerk shall strike Plaintiff's Motion for Summary Judgment [#135] from the record. However, Plaintiff is given leave to refile a complying motion within the case deadline for filing dispositive motions. Here, that deadline is **March 2, 2009**.

IT IS FURTHER **ORDERED** that the Clerk shall mail a copy of Chief Judge Daniel's practice standards to Plaintiff, a copy of which is attached to this Order.

Dated:         December 4, 2008

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge