IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02203-WYD-KLM

MIKEAL GLENN STINE,

        Plaintiff,

v.

MR. STEVEN NAFZIGER, Clinical Director;
RON WILEY, Warden, ADX,

        Defendants.

_____

### ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L.  MIX**

        This matter is before the Court on **Defendants' Motion for the Court to
Reconsider Order on Motions No. 131 & 133 (Doc. 142)** [Docket No. 146; Filed
December 12, 2008] (the "Motion").  On December 4, 2008, I granted Plaintiff's Motion to
Compel Defendants to respond to discovery and to deem his Requests for Admissions to
be admitted [Docket Nos. 131 & 142].  My Order was based primarily on Defendants' failure
to respond to the Motion to Compel and offer any justification for, or rebuttal to, Plaintiff's
contention that Defendants failed to timely respond to his outstanding discovery requests.
*Order* [#142] at 2-3.

        In the present Motion, Defendants inform the Court that their failure to respond to
the Motion to Compel was inadvertent and was partly caused by the leave of absence
taken by counsel for Defendants due to a death in his family.  *Motion* [#146] at 2.
Defendants also inform the Court that, contrary to allegations contained in Plaintiff's Motion
to Compel, Defendants timely responded to Plaintiff's outstanding discovery requests.  *Id.*

Defendants attached to the Motion their discovery responses and certificates of service, which were timely mailed to Plaintiff on October 22, 2008 [Docket No. 146-3]. As such, Defendants seek reconsideration of my prior Order. Plaintiff responded in opposition ot the Motion on December 22, 2008 [Docket No. 149], and Defendants did not file a reply. The Motion has been fully briefed and is ripe for resolution.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion for reconsideration is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. Although Defendants' neglect contributed to my ruling on Plaintiff's Motion to Compel, I find that such neglect was excusable. Furthermore, because the Court now has all of the information available to it, I find that Defendants timely responded to Plaintiff's propounded discovery and that deeming Plaintiff's Requests for Admissions to be admitted would be a manifestly unjust result. To the extent that Plaintiff claims that he has not received the discovery responses because of delays or problems with receiving mail at ADX,

IT IS FURTHER **ORDERED** that the Clerk shall mail a copy of Docket No. 146-3 to Plaintiff in conjunction with this Order. To the extent that Plaintiff argues that the discovery responses he did receive are improper because they are not signed by the responding

party,

IT IS FURTHER **ORDERED** that Defendants shall provide copies of properly executed responses to Plaintiff's discovery requests on or before **January 30, 2009**.

IT IS FURTHER **ORDERED** that my Order dated December 4, 2008 [Docket No. 142] is amended as follows:  (1) Plaintiff's Motion to Compel [Docket No. 131] is **DENIED**; (2) Defendants' objections to Plaintiff's discovery requests, if any, are <u>not</u> deemed to be waived; and (3) Plaintiff's Requests for Admissions are <u>not</u> deemed to be admitted.

Dated:        January 12, 2009

s/ Kristen L. Mix_____
Kristen L. Mix
United States Magistrate Judge
