IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-02203-WYD-KLM

MIKEAL GLENN STINE,

 Plaintiff,

v.

MS. FETTERHOFF, MRAS, ADX Health Services;
MR. STEVEN NAFZIGER, Clinical Director;
MR. J. LORINCZ, Clinical Director;
RON WILEY, Warden, ADX,

 Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

I. <u>INTRODUCTION</u>

 THIS MATTER is before the Court on Defendants' Amended Motion to for [sic] Dismissal Pursuant to Rule 41 and 28 U.S.C. § 1915 (docket # 167) filed February 17, 2009 ("Motion to Dismiss") and Plaintiff's Motion for Injunction/with Evidentiary Hearing/and Request for Expedited Consideration (docket # 207), filed March 13, 2009 ("Motion for Injunction").  Both motions were referred to Magistrate Judge Kristen L. Mix for a Recommendation by Order of Reference dated January 24, 2008, and Memoranda dated February 17, 2009 and March 16, 2009.

 Magistrate Judge Mix issued a Recommendation on July 9, 2009, that the above referenced Motion to Dismiss be granted and that Plaintiff's case be dismissed with

prejudice as a sanction pursuant to Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915. (Recommendation at 2, 32.) Magistrate Judge Mix also recommends that Plaintiff's Motion for Injunction be denied and that the Order to Show Cause issued to Plaintiff on April 28, 2009, as to why the case should not be dismissed pursuant to the Motion to Dismiss and for failure to comply with Court Orders (docket # 216) be made absolute. (*Id.* at 3, 9, 32.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

A similar recommendation was issued in Plaintiff's older tandem case, Civil Action No. 07-cv-01839-WYD-KLM. In that case Magistrate Judge Mix also recommended that Plaintiff be enjoined from filing future *pro se* lawsuits in this District. (Recommendation at 3 n. 1.)

II.     BACKGROUND

Magistrate Judge Mix provides an extensive and detailed summary in the Recommendation of both the factual and procedural background of the instant case. She notes that Plaintiff contends that Defendants violated his constitutional right to be free from cruel and unusual punishment when they allegedly acted with deliberate indifference toward his serious medical needs by delaying and denying him adequate medical treatment for his "exposed jawbone." (Recommendation at 3) (quoting *Complaint* [#3] at 4). After adjudication of the first motion to dismiss filed by Defendants, a single Eighth Amendment claim against Defendants in their individual capacities remains. (*Id.*) Magistrate Judge Mix notes, however, as stated in the prior

Recommendation issued by her, that "the likelihood of Plaintiff's success on the remaining claim is far from clear." *Id.* (citing Recommendation [#110] at 15).

The Recommendation also states that since the inception of this case, Plaintiff has filed 40 pleadings requesting relief, including fourteen motions seeking some form of injunctive relief, nearly all of which have been denied. (Recommendation at 3-4.) Also, Plaintiff has sent threatening and offensive correspondence to the Court and others. (*Id.* at 5.) The Recommendation states that the majority of these filings provide the basis for Defendants' pending Motion to Dismiss. (*Id.*) Plaintiff failed to respond to that motion despite multiple opportunities to do so. (*Id.* at 1.)

Magistrate Judge Mix explained in the Recommendation that from January 7, 2009 to February 19, 2009, she discovered that Defendants were withholding Plaintiff's legal mail while awaiting approval from the Bureau of Prisons ("BOP") to place Plaintiff on special mail status as a result of his sending threatening correspondence. (Recommendation at 6.) Magistrate Judge Mix expressed her disapproval of Defendants' unilateral decision to delay sending Plaintiff's legal mail during this brief time period; however, she noted that "Defendants' conduct does not excuse Plaintiff's behavior throughout this case." (*Id.*) On February 19, 2009, Defendants received permission to place Plaintiff on special legal mail status and stopped withholding Plaintiff's outgoing mail. (*Id.*) The Recommendation provides a detailed timeline of the events surrounding this matter. (*Id. at* 6-10.)

On May 22, 2009, because of a concern that the Court was not receiving mail from Plaintiff, Magistrate Judge Mix held an evidentiary hearing on the "withholding of

mail" issue in Plaintiff's older case, Civil Action No. 07-cv-01839-WYD-KLM. (Recommendation at 1-2.) She directed Plaintiff to bring a copy of his response to the Motion to Dismiss to the hearing. (*Id.* at 9.) At the hearing, she addressed Plaintiff's claims that his mail was currently being withheld and that he had tried to respond to the Motion to Dismiss but his response was destroyed by the Defendants. (*Id.* 11-12.) Both Plaintiff and the Defendants presented witnesses at the hearing.

After an exhaustive analysis of the evidence and closing arguments (summarized in the Recommendation at 11-18), Magistrate Judge Mix made the following findings:

> (1) The testimony presented by Plaintiff at the May 22, 2009 hearing that Defendants are destroying his legal mail was not credible;
> (2) There is no credible evidence that Plaintiff prepared or sent a response to the Motion to Dismiss to the Court;
> (3) Defendants had no authority to withhold Plaintiff's mail from January to mid-February 2009;
> (4) There is no credible evidence that Defendants are currently withholding or destroying Plaintiff's legal mail;
> (5) There is credible evidence that Plaintiff has filed false pleadings on the record;
> (6) Plaintiff has filed or sent malicious and abusive documents;
> (7) Plaintiff has threatened and harassed the Court;
> (8) Plaintiff has inundated the Court with meritless and frivolous filings;
> (9) Plaintiff has failed to comply with at least two Court Orders in this case regarding the filing of his response to the Motion to Dismiss [Docket Nos. 206 and 216]; and
> (10) Plaintiff has failed to comply with multiple Court Orders in this case and others regarding the filing of frivolous, meritless, malicious, and abusive pleadings.

(Recommendation at 25-26.) Magistrate Judge Mix took judicial notice of the evidence and testimony presented at that hearing which she finds is equally relevant to her adjudication of the motions in this case. (*Id.* at 2.)

Based on the above findings, Magistrate Judge Mix recommends that Plaintiff's case be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915(e)(2)(B)(i). (Recommendation at 27-32.) She also recommends that Plaintiff's Motion for Injunction be denied. (*Id.* at 32.) Finally, she recommends that the Order to Show Cause issued on April 28, 2009, be made absolute. (*Id.*)

III.   ANALYSIS

   A.   Motion to Dismiss

As stated earlier, Magistrate Judge Mix recommends that Defendants' Motion to Dismiss be granted as a sanction pursuant to Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915(e)(2)(B)(i). In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992), the Tenth Circuit set forth specific factors for courts to consider when evaluating grounds for dismissal of an action. The *Ehrenhaus* factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted).

In her Recommendation, Magistrate Judge Mix analyzed each *Ehrenhaus* factor as applied to the facts of this case. First, Magistrate Judge Mix found "Plaintiff's conduct prejudiced Defendants' ability to defend against the accusations lodged by Plaintiff in his Complaint." (Recommendation at 28.) Specifically, Magistrate Judge Mix noted "that Plaintiff's abuses have caused Defendants to expend unnecessary resources and time to refute Plaintiff's wholly unsupported accusations." (*Id.*)

Additionally, she found prejudice to Defendants based on the fact they were compelled to respond to the large number of meritless or frivolous pleadings filed by Plaintiff.  (*Id.*) "As a result of Plaintiff's actions, including sending threatening and abusive letters to the Court, the case has been brought to a virtual standstill and has not progressed with any substance toward trial despite the significant amount of time and effort expended on it by Defendants." (*Id.*)  Magistrate Judge Mix concluded that "[w]hile Defendants' conduct in withholding Plaintiff's mail from January to mid-February 2009 contributed to their burden, and unnecessarily complicated these proceedings, this conduct is outweighed by Plaintiff's overall litigation abuses."  (*Id.* at 28-29.)

Second, Magistrate Judge Mix found that Plaintiff's abusive conduct in this case has interfered with the judicial process and burdened Defendants and the Court. (Recommendation at 29.)  She stated that Plaintiff's "unconscionable and slanderous accusations", continued filing of meritless pleadings, "incredible testimony at the evidentiary hearing", unsupported allegations about the status of his legal mail, and the submission of false pleadings also justify the Court's finding of judicial interference.  (*Id.*) "[T]he Court's continual review of Plaintiff's file, the issuance of Orders prompted by Plaintiff's unnecessary, noncompliant, or incredible filings increases the workload of the Court and interferes with the administration of justice." (*Id.*)

Third, in addressing Plaintiff's culpability, Magistrate Judge Mix found Plaintiff's conduct to be "willful".  (Recommendation at 29-30.)  "Plaintiff has, without any reasonable excuse, invented slanderous allegations regarding the Court and Defendants and further subjected the same to unwarranted threats, abuse, and

accusations." (*Id.* at 29.)  Magistrate Judge Mix found that despite repeated warnings by the Court, Plaintiff continued to inundate the Court with filings and letters, and when given an opportunity to present evidence regarding his allegations about the status of his legal mail, Plaintiff put forth incredible or irrelevant evidence.  (*Id.* at 29-30.)  The Court even afforded the "unique opportunity [for Plaintiff] to avoid any contact with ADX officials whatsoever prior to filing [his response to the Motion to Dismiss], by bringing it to the hearing and transmitting it under the watchful eye of the Court." (*Id.* at 30.) Plaintiff did not avail himself of this opportunity.  (*Id.*)  Magistrate Judge Mix concluded:

> that Plaintiff fabricated the allegation about the current state of his legal mail in an attempt to avoid prosecuting his case after receiving a Motion to Dismiss which he could not overcome.  As a result, I must conclude that Plaintiff's conduct, which was perpetrated throughout the course of this litigation, was willful, and that he is therefore responsible for his litigation abuses.

(*Id.*)  She found that this factor virtually compels dismissal.  (*Id.*)

Fourth, as to whether Plaintiff had advance notice of the sanction of dismissal, Magistrate Judge Mix concluded that Plaintiff was given repeated warnings that dismissal of his action was a likely sanction for his litigation abuses. (Recommendation at 30-31.)  Thus, Plaintiff knew, or reasonably should have known, that his conduct could likely result in dismissal of his case.  (*Id.*)

Finally, Magistrate Judge Mix concluded that "no sanction less than dismissal with prejudice would be effective." (Recommendation at 31.)  The Court's "warnings to Plaintiff have been resoundingly unsuccessful" and "the Court doubts that a monetary sanction would be effective or meaningful to Plaintiff." (*Id.*)  Magistrate Judge Mix stated that Plaintiff's conduct has been malicious and he "has proceeded without

conscience regarding his unsupported accusations and has inundated the Court with frivolous filings in violation of prior Court Orders." (*Id.*) "Moreover, it is clear to the Court that Plaintiff is wholly unconcerned about telling the truth in pleadings and while under oath." (*Id.*)  Therefore, she concluded that dismissal with prejudice pursuant Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915(e)(2)(B)(I) is the appropriate result. (*Id.* 31-32.)

    B.    <u>Plaintiff's Motion for Injunction</u>

Magistrate Judge Mix finds that Plaintiff's Motion for Injunction and the Motion to Dismiss are related in that Plaintiff failed to file a response to the Motion to Dismiss (despite several Court Orders to do so) because he contends that Defendants are unlawfully withholding his mail, including his response. The alleged withholding of Plaintiff's mail is also the subject of the Motion for Injunction. (Recommendation at 18.)

The Recommendation finds that the Motion for Injunction should be denied because Plaintiff failed to carry his burden of proving the probability of irreparable harm. (Recommendation at 32.)  This is because Magistrate Judge Mix "found that the accusations forming the basis of the Motion, namely that Defendants are currently destroying or withholding Plaintiff's mail, are incredible and unsupported by the record." (*Id.* at 32-33.)  While she stated that she did not ignore Defendants' role in prompting the filing of the Motion for Injunction, she found that "Defendants' past conduct does not entitled Plaintiff to prospective relief." (*Id.* at 33.)

    C.    <u>Analysis</u>

Magistrate Judge Mix advised the parties that specific, written objections were due within ten (10) days after service of a copy of the Recommendation.

(Recommendation at 33.)  Despite this advisement, no objections were filed to the Recommendation.  No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.   I find that the Recommendation is thorough, well reasoned and sound.  I agree with Magistrate Judge Mix that Defendants' Motion to Dismiss should be granted and Plaintiff's Motion for Injunction should be denied for the reasons stated in both the Recommendation and this Order.  Plaintiff's conduct in this case has clearly been willful as he has barraged the Court with voluminous pleadings in this and other cases that are frivolous, redundant, irrelevant and at times plainly false or unfounded and which have required a substantial amount of judicial resources to respond to.  Further, he shows a repeated pattern of flaunting or violating Court Orders and has sent or filed pleadings and letters which contain malicious, abusive and/or

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

offensive language.  In so doing, Plaintiff has shown plainly that he has no respect for the Court and the judicial process.  Accordingly, I find that no sanction less than a dismissal with prejudice of this case would be effective as recommended in the Recommendation.

IV.     CONCLUSION

Based on the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge (docket # 222) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that Plaintiff's Motion for Injunction (docket # 207) is **DENIED.**  It is

FURTHER ORDERED that Defendants' Amended Motion to for [sic] Dismissal Pursuant to Rule 41 and 28 U.S.C. § 1915 (docket # 167 is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41 and 28 U.S.C. § 1915.

Dated:  August 31, 2009

                              BY THE COURT:

                              s/ Wiley Y. Daniel
                              Wiley Y. Daniel
                              Chief United States District Judge