IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02203-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

MS. FETTERHOFF, MRAS, ADX Health Services,
MR. STEVEN NAFZIGER, Clinical Director,
MR. J. LORINCZ, Dentist ADX, and
RON WILEY, Warden ADX,

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff's "Motion to Vacate Hon. Wiley Daniel's Orders of Judgment No. (351) in 07-cv-1839; and Judgment Order No. 223 in 07-cv-2203, With Good Cause" (docket #225), filed September 11, 2009. For the reasons stated below, Plaintiff's motion is denied.

Plaintiff's motion was filed within ten (10) days of the entry of judgment. Accordingly, the motion is properly filed under Fed. R. Civ. P. 59(e). *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). Essentially, Plaintiff is seeking a reconsideration of my August 31, 2009 order affirming and adopting the Report and Recommendation of Magistrate Judge Mix, which dismissed this action in its entirety.

There are three major grounds that justify reconsideration under Rule 59(e): "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of*

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.*; *see also Mantle Ranches, Inc. v. U.S. Park Serv.*, 950 F. Supp. 299, 300 (D. Colo. 1997) ("'a motion for reconsideration is not a license for a [party] to get a 'second bite at the apple'" and make legal arguments that could have been raised before").  Such a motion "is an extreme remedy to be granted in rare circumstances."  *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 2995).

Turning to the case at hand, in my August 31, 2009 order, I noted that Magistrate Judge Mix's Report and Recommendation provided an extensive and detailed summary of both the factual and procedural background of the instant case.  I also addressed the Plaintiff's assertions that the BOP had been destroying his mail.  Based on my careful review of the extensive record in this case, I found Plaintiff's arguments regarding the "withholding of mail" to be incredible, and I rejected them in my August 31, 2009 order.

In the pending motion, Plaintiff again argues that the BOP is withholding his mail, and as a result, he did not receive Magistrate Judge Mix's Report and Recommendation, which was filed on July 9, 2009.  Thus, he was not afforded the opportunity to file objections.[1]  I deny Plaintiff's motion.  The motion rehashes the same arguments previously raised in both court hearings and in numerous pleadings that

---

[1] Interestingly, I entered my order dismissing this action on August 31, 2009.  The Clerk of the Court entered judgment on September 1, 2009.  Plaintiff's instant motion is dated September 3, 2009.  Thus, contrary to Plaintiff's assertions that the BOP is withholding his mail, it appears that the Plaintiff received my order and the Clerk's judgment by mail in approximately two or three business days.

have been soundly rejected by the Court.  Plaintiff does not cite any change in the law or present new evidence previously unavailable.

First, Plaintiff claims that the "mail monitoring list" requires Plaintiff to sign for all legal mail from the Court.  Thus, Plaintiff argues that the mail log proves that Plaintiff did not receive Magistrate Judge Mix's Report and Recommendation.  I reject Plaintiff's contention as he provides no authority for his claim that all of his incoming mail from the Court is logged.  It is well documented that Plaintiff was placed on "special mail" status for sending threatening letters to both the Court and opposing counsel.  As I previously discussed in my prior order, representatives from the BOP testified at the May 22, 2009 hearing that Plaintiff's outgoing mail was subject to restrictions and special processing, not his incoming mail.  Further, this Court has previously ruled that mail from the Court is not confidential and will not be marked "special mail – open only in presence of inmate."  Thus, there is no credible evidence that a  "mail monitoring list" of all legal mail received from the Court exists.

Second, Plaintiff attaches a document to the motion entitled "Request - Authorization to Mail Inmate Package".  Plaintiff argues that this document proves that the BOP is unnecessarily delaying his mail.  Specifically, Plaintiff claims that a document he mailed to the Fifth Circuit was not timely received because the BOP unnecessarily delayed the processing.  This argument is without merit.  After reviewing the Fifth Circuit's docket, it appears that the Plaintiff's filing deadline was satisfied. Thus, there is no credible evidence that the BOP interfered with the mailing of Plaintiff's document.

Finally, I reject Plaintiff's remaining arguments that BOP witnesses perjured

themselves at the May 22, 2009 hearing.  Plaintiff provides no other basis for his failure to file objections to Magistrate Judge Mix's Report and Recommendation.  Magistrate Judge Mix found in her Report and Recommendation, which I affirmed and adopted, that Plaintiff's evidence at the evidentiary hearing regarding the "mail issue" was incredible.  Plaintiff has provided no new evidence that was previously unavailable.  Thus, I find Plaintiff's arguments that the BOP is to blame for his failure to file objections in this case to be without merit.  I further find that Plaintiff has not shown a need to correct clear error or prevent manifest injustice.  The motion appears to be an attempt by Plaintiff to get a "second bite at the apple" in simply making the same arguments I previously considered and rejected in my August 31, 2009 order dismissing this case.  Plaintiff also makes arguments that were not before the Court previously, which is also improper.  Accordingly, Plaintiff's motion is denied.

Based on the foregoing, it is

ORDERED that Plaintiff's "Motion to Vacate Hon. Wiley Daniel's Orders of Judgment No. (351) in 07-cv-1839; and Judgment Order No. 223 in 07-cv-2203, With Good Cause" (docket #225), filed September 11, 2009, is **DENIED.**

Dated:  October 13, 2009

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge